RONALD SPECTER, State Bar No. 118417
rspecter@specterlaw.com
MARK ANTHONY RODRIGUEZ, State Bar No. 132261
markanthony@earthlink.net
VALINOTI, SPECTER & DITO, LLP
5000 Birch Street, Suite 3000
Newport Beach, California  92660
Telephone: (949) 833-9400
Facsimile:  (949) 833-9425

Attorneys for Defendant
KERRY CONDON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL ALEXANDER WESCOTT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC REISNER and KERRY CONDON,<br><br>Defendants. | Case No. 17-cv-06271-DMR<br>JUDGE EDWARD M. CHEN<br><br>**DEFENDANT KERRY CONDON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: May 17, 2018<br>Hearing Time: 1:30 PM<br>Courtroom: 5 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Thursday, May 17, 2018 at 1:30 PM, or as soon thereafter as the Court may hear this matter in Courtroom 5 of the above-referenced Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Kerry Condon will specially appear and will move the Court for an order as set forth herein.

1  Defendant Kerry Condon will move for an order dismissing this action pursuant to Rule 12(b)(2)
2  of the *Federal Rules of Civil Procedure* on the grounds that this Court does not have personal
3  jurisdiction over Kerry Condon. The basis for this motion is that this court has neither specific nor
4  general jurisdiction over Kerry Condon, a Massachusetts resident. The absence of personal jurisdiction
5  supports a motion to dismiss, which is authorized pursuant to Rule 12(b)(2) of the *Federal Rules of Civil*
6  *Procedure.*
7  This motion is based upon this notice and the foregoing the memorandum of points and
8  authorities and declaration of Kerry Condon, and on all the pleadings, papers, records on file in this
9  action as well as any oral argument that may take place.

11 Dated: April 7, 2018                                VALINOTI, SPECTER & DITO, LLP

                                                      By: /s/ Mark Anthony Rodriguez
                                                          Ronald Specter, Esq.
                                                          Mark Anthony Rodriguez, Esq.
                                                          Attorneys for Defendant
                                                          KERRY CONDON

# TABLE OF CONTENTS

I.  INTRODUCTION & SUMMARY OF ARGUMENT ................................................................. 1

II.  A BRIEF OVERVIEW OF THE COMPLAINT ..................................................................... 1

    A. Four Claims For Relief Are Asserted Against Condon ............................................................ 1

    B. The Majority Of Events Set Out In The Complaint All Occurred In Nicaragua And Involve Nicaraguan Property ..................................................................................................................... 2

III. PERSONAL JURISDICTION MAY BE EITHER SPECIFIC OR GENERAL – NEITHER EXISTS AS TO CONDON ................................................................................................................. 4

    A. Specific Jurisdiction Does Not Exist ......................................................................................... 4

      1. Purposeful Availment or Direction Generally ...................................................................... 5

      2. The Forum-Related Activities ................................................................................................ 6

    B. General Jurisdiction Does Not Exist .......................................................................................... 7

IV.  CONCLUSION ........................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir.1986) ........................................................ 7

*Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) ............................................................... 4

*Doe v. Am. Nat. Red Cross*, 112 F.3d 1048 (9th Cir. 1997) .................................................... 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011) ............................ 7

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003) ........ 4

*In re Western States Wholesale Natural Gas Lit.*, 715 F.3d 716 (9th Cir. 2013) ....................... 1

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) .................................................. 1

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (2006) ................................................................ 5

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797 (9th Cir. 2004) ............................ 5, 6

**Statutes**

*Cal. Code of Civ. Pro.* § 410.10 .............................................................................................. 4

Fed. R. Civ. P. 12(b)(2) ........................................................................................................... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION & SUMMARY OF ARGUMENT

Defendant Kerry Condon ("Condon") hereby moves this Court, pursuant to *Fed. R. Civ. P.* 12(b)(2), to dismiss the present action against her as she is a resident of Massachusetts, has never been a resident of California, and she lacks sufficient contacts with California to confer personal jurisdiction over her. Due Process requires that, in order for a forum to exercise personal jurisdiction over a nonresident defendant, that "he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Because she does not live in California and does not have continuous, systematic or substantial contact with California which would subject her to personal jurisdiction, Condon is not subject to general or specific jurisdiction in California. When a defendant challenges jurisdiction, the burden falls on the plaintiff to make a prima facie showing that the court has jurisdiction over the defendant. *In re Western States Wholesale Natural Gas Lit.*, 715 F.3d 716, 741 (9th Cir. 2013). Defendant cannot meet that burden.

## II. A BRIEF OVERVIEW OF THE COMPLAINT

### A. Four Claims For Relief Are Asserted Against Condon

Plaintiff Carl Alexander Wescott, appearing in pro per, has brought suit against two individuals: Eric Reisner ("Reisner") and Reisner's then wife, Kerry Condon. [Comp. ¶3] Condon and Reisner are no longer married. Plaintiff has alleged diversity jurisdiction.

Succinctly put, plaintiff is suing defendants over an alleged business deal between himself and co-defendant Reisner involving the development of properties for potential sale to American expatriates in Nicaragua. (Compl. ¶15) The Complaint alleges that Wescott and Reisner entered into a 2009 Partnership Agreement in which Plaintiff would get 90% of the profits (Compl. ¶¶ 8, 12, 18); it is also alleged that this agreement was signed in San Francisco and contains a San Francisco venue provision. (Compl. ¶8 – the complaint refers to a 2009 Partnership Agreement attached as Exh. A, but there was no such exhibit attached.) The deal apparently went sour, and Westcott filed suit asserting eleven claims for relief, four of which (in bold) are directed against Condon.

1) Promissory Fraud as to Reisner,

2) Fraud as to Reisner,

**3) Conspiracy to Commit Fraud as to Condon,**

4) Breach of Fiduciary Duty against Reisner,

**5) Aiding and Abetting a Fiduciary Breach as to Condon,**

6) Misappropriation of Trade Secrets against Reisner,

**7) Conspiracy to Misappropriate Trade Secrets as to Condon**,

8) Breach of Contract as to Reisner,

**9) Interference with Contract as to Condon,**

10) Conversion as to Reisner, and

11) Accounting.

As to Condon specifically, the Complaint alleges that "Condon and Eric Reisner were married during the years of the parties' malfeasance, and may still be married." (Comp. ¶ 3) It is further alleged that "[a]ll acts complained of herein were undertaken by Eric Reisner for the benefit of the marital community with Kerry Condon. Ms. Condon, a sophisticated and experienced business executive, conspired with her husband to commit the breaches of trust, acts of misappropriation, and fraud that are at the core of the complaint." (Comp. ¶ 4)

**B. The Majority Of Events Set Out In The Complaint All Occurred In Nicaragua And Involve Nicaraguan Property**

Westcott asserts that the agreement he and Reisner signed was executed in San Francisco, California, and he further asserts that he is a California resident and that Reisner is a Connecticut resident. (Comp. ¶¶ 1, 2) He alleges that Condon works in Massachusetts. (Comp. ¶3)

Apart from that, the key events in the Complaint took place in Nicaragua. For instance:

¶15. "The parties agreed that Reisner and Condon would move to Nicaragua, and that they would develop multiple more projects in Nicaragua after the first project threw off profits."

¶17. "Once in Nicaragua, Reisner immediately began spending lots of money and time looking for other projects to develop (despite the agreement that that would come later). He did not work much on getting the permits. Plaintiff hired Carlos Gutierrez Solis in Nicaragua to assist in getting the permits and Solis did indeed do the work of obtaining the permits."

¶18. "Reisner stated that it was too difficult to make progress needing Plaintiff's signature on major items. He asked for a way he could just sign things himself. Plaintiff did not realize Reisner was setting him up for a con and Reisner's and Condon's ensuing theft. Plaintiff and Reisner agreed that they would set up a Nicaraguan corporate structure with Reisner controlling it locally, but they also agreed that Reisner would email Plaintiff for written permission for each signature he would make locally (providing the relevant documents or contracts). That way Reisner's stated issue could be solved while Plaintiff could still control his investment and the property."

¶19. "Rather than make the Diriomo project a success, though, Reisner charged ahead on other projects, investing significant time and money. For example, he agreed to pay Paul Tiffer, a Nicaragua attorney, $5,000 for legal work on a seaside property in Montelimar. Upon information and belief, Reisner paid Tiffer the $5,000 partially as a bribe or to look the other way with legal documents in the future. Reisner and Tiffer both knew that Plaintiff had funded over $300,000 in prior Nicaragua expenses, including 100% of the purchase of the Property, and that Plaintiff would get 90% of the profits. In discovery, we'll find out if Tiffer helped Reisner with legal work in selling the Property in the later theft, and if so, the theory of Tiffer's culpability shall also be confirmed."

¶20. "Separately, Reisner started submitting invoices to Plaintiff wanting Plaintiff to pay many expenses that were clearly Reisner's personal expenses (e.g. cell phone minutes, residency, meals). Reisner also would not provide receipts for the expenses."

¶22. "The permits were obtained in April 2009. However, Reisner did not make any progress in getting the loan on the subject property. As a result of the September 2008 credit crunch, Plaintiff had begun to have cash flow issues. As a result of Reisner's failure to obtain financing on the Property (a mortgage), compounded by the Plaintiff's cash flow issues, Plaintiff was having difficulty paying even the legitimate Reisner expenses ($5,000 per month being loaned to him for his living expenses), much less the unapproved and fraudulent ones."

¶24. "Reisner and Condon left Nicaragua in approximately January 2010."

¶25. "Later in 2010, Reisner sold the Property at a fire sale price, a fraction of its value, and absconded with the purloined funds, to Singapore."

¶29. "Plaintiff visited Nicaragua in 2016 to pick up the pieces, as this Property, despite debts owed by the Plaintiff in Nicaragua, represented his best path out of his current situation. His real estate broker informed him that the 42 lots on the subject Property were now worth, even without infrastructure, approximately $30,000 apiece. However, Plaintiff also learned then that Reisner had used his apparent legal authority back in 2010 to sell the Property at a fire sale price."

¶30. "Plaintiff believes the discounted price was both low to help Reisner steal funds as quickly as possible, but also an inducement to avoid a level of diligence and scrutiny by the buyer that might have led to the discovery of Reisner's fraud."

## III. PERSONAL JURISDICTION MAY BE EITHER SPECIFIC OR GENERAL – NEITHER EXISTS AS TO CONDON

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). Where "there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citations omitted). California's long-arm statute is co-extensive with the federal due process clause. *Cal. Code of Civ. Pro.* § 410.10.[1] Therefore, this court must determine whether the exercise of jurisdiction over the defendants "comports with the limits imposed by federal due process." *Daimler*, 134 S. Ct. at 753. To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The two recognized bases for exercising personal jurisdiction over a nonresident defendant are "general jurisdiction" and "specific jurisdiction." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). Neither form is present here sufficient to satisfy California's long-arm jurisdictional statute.

**A. <u>Specific Jurisdiction Does Not Exist</u>**

Specific jurisdiction exists if three prongs are satisfied:

---

[1] *Cal. Code of Civ. Pro*. § 410.10 provides that a court "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

"(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff has the burden of proving the first two prongs. *Id*. If plaintiff does so, the defendant must demonstrate that the court's exercise of personal jurisdiction would be unreasonable. *Id*.

There is no allegation that Condon directed her activities toward California. Likewise, Defendant is not alleged to have engaged in any forum-related activities. Under these circumstances, Plaintiff has not alleged a basis for specific jurisdiction.

### 1. Purposeful Availment and/or Direction Generally

Under the first prong of the three-part specific jurisdiction test, Plaintiff must establish that Condon either purposefully availed herself of the privilege of conducting activities in California, or purposefully directed her activities toward California. A purposeful availment analysis is most often used in suits sounding in contract, while purposeful direction is most often used in suits sounding in tort. *Schwarzenegger, supra* at 802.

A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as performing a contract there. Of foremost consideration is that Condon was not a signatory to the 2009 Partnership Agreement. [Declaration of Condon ¶7] Moreover, formation of a contract with a nonresident defendant by itself is not enough to create jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008).

Evidence of availment is shown by action taking place in the forum that invokes the benefits and protections of the laws in that forum. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (2006). Here, there is no such evidence, and the Complaint points to Nicaragua and not California as the situs of all the wrongdoing alleged in the complaint.

A showing that a defendant purposefully directed her conduct toward a forum state, by contrast, usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere. *Schwarzenegger, supra* at 802. No such conduct was directed at California; to the contrary, the complaint details that the allegedly offensive conduct occurred in Nicaragua.

Courts evaluate purposeful direction under the three-part "effects" test set out in *Calder v. Jones*, 465 U.S. 783 (1984): A defendant has allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. All three elements must be met. *Schwarzenegger, supra* at 802. No activities alleged in the Complaint show that there was an express aim at California – to the contrary, the Complaint speaks of development of Nicaraguan properties, the obtaining of permits in Nicaragua, the alleged taking of unauthorized side projects in Nicaragua, the alleged submission of fraudulent expenses occurring in Nicaragua, the alleged fire sale of properties in Nicaragua at a loss, and the alleged absconding of these sale funds to Singapore.

### 2. The Forum-Related Activities

The second prong of the test states that the claim must be one which arises out of or relates to the defendant's forum-related activities. Again, the alleged wrongdoing is Nicaragua-specific -- the Complaint speaks of development of Nicaraguan properties, the obtaining of permits in Nicaragua, the alleged taking of unauthorized side projects in Nicaragua, the alleged submission of fraudulent expenses occurring in Nicaragua, the alleged fire sale of properties in Nicaragua at a loss, and the alleged absconding of these sale funds to Singapore.

In sum, there is no basis to support a finding of specific jurisdiction.

### 3. Reasonableness

Finally, hauling Condon into California courts is not reasonable nor just. Condon declares that

- She is currently a resident of the State of Massachusetts and have been so since 2012;
- She and Eric Reisner were divorced in February 2014 and have remained divorced since that time.
- She has never been a resident of the State of California.
- With respect to the 2009 Partnership Agreement, she was not a party to it or a signatory.

[Declaration of Condon ¶¶2-7]

### B. General Jurisdiction Does Not Exist

General jurisdiction (sometimes called "all-purpose jurisdiction") subjects a defendant to suit in a forum only where a defendant's contacts with that forum "are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014) (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).

This is an exacting standard because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004), *citing Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum).

The Condon Declaration establishes that:

- She is, at the time of the filing of the complaint and continuing since then, a resident of Massachusetts; [Declaration of Condon ¶2]
- She has never been a resident of California; [Declaration of Condon ¶4]
- Her California contacts have been minimal – specifically in the last ten years she has had no personal or business dealings in California and she does not presently own nor lease, nor has she even owned or leased, and real property in California; [Declaration of Condon ¶¶5, 6]
- She did not sign the 2009 Partnership Agreement; [Declaration of Condon ¶7]
- She has been divorced from Reisner since February 2014; [Declaration of Condon ¶3]
- She does not presently own nor lease, and have never in the past owned nor leased, any real property in the State of California. [Declaration of Condon ¶6]

These contacts fall well short of the "continuous and systematic" contacts that the Supreme Court and this court have held to constitute sufficient "presence" to warrant general jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, Kerry Condon respectfully request that the Court grant its motion to dismiss pursuant to Rule 12(b)(2).

Dated: April 7, 2018                                        VALINOTI, SPECTER & DITO, LLP

                                                                                      By:  /s/ Mark Anthony Rodriguez
                                                                                              Ronald Specter, Esq.
                                                                                              Mark Anthony Rodriguez, Esq.
                                                                                              Attorneys for Defendant
                                                                                              KERRY CONDON

## *PROOF OF SERVICE*

I, the undersigned, certify and declare that I am over the age of 18 years and not a party to the within action. My business address is: 5000 Birch Street, Suite 3000, Newport Beach, California 92660.

On the date set forth below, I served the following documents:

**DEFENDANT KERRY CONDON'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

 **[X] (BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule 5 of the USDC - Northern District, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which then sends notification of this filing to the persons listed on the CM/ECF service list in this matter. Declarant is unaware of any individual in this matter not registered for the CM/ECF System or not consenting to electronic service. Pursuant to Local Rule 5-1(h)(1), upon the e-filing of a document by a party, an email message will be automatically generated by the ECF system and sent to the registered attorneys for all parties in the case. Except for electronically-filed civil complaints and case-initiating documents, which must be served manually, receipt of this message constitutes service on the receiving party.

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    Executed on April 7, 2018, at Newport Beach, California.

                                              By: /s/ Mark Anthony Rodriguez
                                                      Mark Anthony Rodriguez