RONALD SPECTER, State Bar No. 118417
rspecter@specterlaw.com
MARK ANTHONY RODRIGUEZ, State Bar No. 132261
markanthony@earthlink.net
VALINOTI, SPECTER & DITO, LLP
5000 Birch Street, Suite 3000
Newport Beach, California 92660
Telephone: (949) 833-9400
Facsimile: (949) 833-9425

Attorneys for Defendant
KERRY CONDON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL ALEXANDER WESCOTT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC REISNER and KERRY CONDON,<br><br>Defendants. | Case No. 17-cv-06271-DMR<br>JUDGE EDWARD M. CHEN<br><br>**DEFENDANT KERRY CONDON'S OBJECTION TO THE DECLARATION OF CARL A. WESCOTT AND REQUEST TO STRIKE THE DECLARATION**<br><br>**Date: May 17, 2018**<br>**Time: 1:30 p.m.**<br>**Courtroom: 5** |

Kerry Condon objects to the Declaration of Carl A. Wescott improperly filed in this matter and therefore moves herewith to strike the declaration.

Objection is made to the declaration in its entirety as it was not timely filed with any opposition as mandated by Local Rule 7-3. Furthermore, objection is made to the specific statements made in the declaration on the following grounds:

1

1   Statement pg. 1, ¶2:24-25: "2. Though I cannot find it right at the moment, Reisner and I signed
2   a contract with a San Francisco venue/forum in the case of a dispute."

3   **Objection: Hearsay (FRE 801). Best Evidence Rule (FRE 1002). Failure to authenticate a**
4   **document that was referenced (FRE 901).**

5   Statement pg. 1, ¶3:26-28: "3. The contract provided advances to Reisner for his family
6   (including Condon and their children). Those advances were against future profits, which we never
7   achieved."

8   **Objection: Hearsay (FRE 801). Best Evidence Rule (FRE 1002). Failure to authenticate a**
9   **document that was referenced (FRE 901). Improper summary. For instance, it has been held that**
10  **materials are not admissible if they include conclusory allegations concerning the opposing party's**
11  **conduct and intent.** *Peat, Inc. v. Vanguard Research, Inc.* **(11th Cir. 2004) 378 F.3d 1154, 1160. It**
12  **then follows that conclusory statements regarding the contents of a document are equally**
13  **inadmissible.**

14  Statement pg. 2, ¶4:1-2: "4. The contract provided that Reisner would get 10% of those profits
15  and I would get 90% of them."

16  **Objection: Hearsay (FRE 801). Best Evidence Rule (FRE 1002). Failure to authenticate a**
17  **document that was referenced (FRE 901). Lack of Foundation (***United States v. Tanner* **(7th Cir.**
18  **2010) 628 F3d 890, 903, fn. 5 [when judges or attorneys reference a "lack of foundation," they**
19  **usually mean there is a missing link in a chain of logic necessary for establishing the relevance of**
20  **the evidence.]  Improper summary. For instance, it has been held that materials are not admissible**
21  **if they include conclusory allegations concerning the opposing party's conduct and intent.** *Peat,*
22  *Inc. v. Vanguard Research, Inc.* **(11th Cir. 2004) 378 F.3d 1154, 1160. It then follows that**
23  **conclusory statements regarding the contents of a document are equally inadmissible.**

24  Statement pg. 2, ¶5:3-5: "5. I travelled to Nicaragua to meet Defendants Reisner and Condon on
25  several occasions."

26  **Objection:  Vague as to time therefore the statement without more lacks relevancy. Lack of**
27  **foundation.**

28

2

Condon's Objection To Wescott Decl. Case No. 17-cv-06271-DMR

1  Statement pg. 2, ¶6:6-7: "6. During the latter visits. Defendant Condon was aggressive on the
2  issue of contractual collections."

3  **Objection: Vague, hearsay, and lack of foundation.**

4  Statement pg. 2, ¶7:8-15: "7. Defendant Condon was actually more aggressive than Defendant
5  Reisner, taking the position that I would never pay the Defendant. In the course of these conversations,
6  Condon always referenced the Plaintiff's obligations as extending to both Defendants. She complained
7  to Reisner that the Plaintiff would never pay "us" and that Reisner and Condon should simply move to
8  Singapore to pursue Condon's professional opportunities as a corporate recruiter."

9  **Objection: Lack of foundation.**

10 Statement pg. 2, ¶8:16-18: "8. Defendant Condon took the position that the Plaintiff's
11 obligations in this case extended directly to her and in my latter visits she took the position that she and
12 Reisner should abandon their obligations to the Plaintiff and move to Singapore."

13 **Objection: Hearsay. Improper Conclusory Statement. Lack of Foundation.**

14 Statement pg. 2, ¶9:19-22: "9. Defendant Condon never deferred to Reisner. Defendant Condon
15 in her conversations always proceeded on the assumption that the Plaintiffs' obligations extended to her
16 as well as to Reisner."

17 **Objection: Hearsay. Improper speculation of what Condon was assuming. Lack of**
18 **Foundation.**

19

20 Dated: May 9, 2018                                    VALINOTI, SPECTER & DITO, LLP

21

22                                    By: /s/ Mark Anthony Rodriguez
23                                         Mark Anthony Rodriguez, Esq.
                                            Attorneys for Defendant
24                                         KERRY CONDON

3

Condon's Objection To Wescott Decl. Case No. 17-cv-06271-DMR

## *PROOF OF SERVICE*

I, the undersigned, certify and declare that I am over the age of 18 years and not a party to the within action. My business address is: 5000 Birch Street, Suite 3000, Newport Beach, California 92660. On the date set forth below, I served the following documents: **DEFENDANT KERRY CONDON'S OBJECTION TO THE DECLARATION OF CARL A. WESCOTT AND REQUEST TO STRIKE THE DECLARATION**

I served the foregoing documents on the following persons:

Carl Alexander Wescott
PO Box 190875
San Francisco, CA 94119

Eric Reisner
30 Lone Pine Trail
Old Lyme, CT 06371

The documents were served via: FIRST CLASS MAIL. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) set forth above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Newport Beach, California. As a matter of courtesy, on the date indicated below I also emailed a copy of this document Carl Alexander Wescott at c@carlawescott.com

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 9, 2018, at Newport Beach, California.

By: /s/ Amy Ellis
     Amy Ellis

4

Condon's Objection To Wescott Decl. Case No. 17-cv-06271-DMR