RONALD SPECTER, State Bar No. 118417
rspecter@specterlaw.com
MARK ANTHONY RODRIGUEZ, State Bar No. 132261
markanthony@earthlink.net
VALINOTI, SPECTER & DITO, LLP
5000 Birch Street, Suite 3000
Newport Beach, California  92660
Telephone: (949) 833-9400
Facsimile:  (949) 833-9425

Attorneys for Defendant
KERRY CONDON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL ALEXANDER WESCOTT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC REISNER and KERRY CONDON,<br><br>Defendants. | Case No. 17-cv-06271-DMR<br>JUDGE EDWARD M. CHEN<br><br>**DEFENDANT KERRY CONDON'S REPLY REGARDING HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2)**<br><br>Hearing Date: May 24, 2018<br>Hearing Time: 1:30 PM<br>Courtroom: 5 |

Defendant Kerry Condon replies to the Opposition of Plaintiff Carl Alexander Wescott to her motion to dismiss this action as to her pursuant to Rule 12(b)(2) of the *Federal Rules of Civil Procedure*.

## I. PLAINTIFF HAS NOT MET HIS BURDEN TO SHOW THE EXISTENCE AND SCOPE OF A FORUM SELECTION CLAUSE

Plaintiff opposes the motion to dismiss on the grounds that there exists a contract between him and Mr. Reisner to which Condon is bound, and that this contract contains a forum selection clause which effectively constitutes a consent to jurisdiction of a federal court in California.

Foremost, the key to enforcement of any forum-selection clause is evidence of an *actual forum selection agreement* between the parties. *See Holland America Line Inc. v. Wärtsilä North America, Inc.,* 485 F.3d 450, 458 (9th Cir. 2007) ("Such an unsubstantiated and vague statement does not establish a prima facie case for jurisdiction.") The burden is with Plaintiff to establish jurisdiction under a forum selection clause. *Id.* at 455. *See generally Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir.2003) (When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction.)

What Plaintiff has presented is a vague and unsubstantiated statement regarding a forum selection clause. This is the entirety of the evidence regarding a forum selection clause: Mr. Wescott's Declaration at Paragraph 2 where he states "2. *Though I cannot find it right at the moment, Reisner and I signed a contract with a San Francisco venue/forum in the case of a dispute."*

Condon has filed a separate objection to this statement in the Wescott Declaration on the basis of Hearsay (FRE 801), Best Evidence Rule (FRE 1002), and Lack of Authentication (FRE 901).

Plaintiff asserts that his declaration of the existence of a forum selection clause is sufficient, *citing Miles v. Deutsche Bank National Trust Company (2015) 236 Cal.App.4th 394* in support. (Opposition pg. 2:19-21) *Miles* is a California state pleading case which, as related to this issue, stands for the proposition that there are various methods of pleading a breach of contract claim so that when ruling on a demurrer, plaintiff's failure either to attach or to set out verbatim the terms of the contract was not fatal to his breach of contract cause of action. *Id.* at 402.

This is not a California state demurrer, nor is it the federal equivalent (a Rule 12(b)(6) motion). This is not a motion in which the standards of notice pleading are invoked. This is a motion in which extrinsic evidence is considered. Mr. Wescott's statement regarding the contract is not sufficient proof on this issue to establish a prima facie showing of jurisdictional facts.

Consider what is missing from Mr. Wescott's statement. What are the parameters of this purported clause – does it even apply to this case? *LaCross v. Knight Transportation, Inc.*, 95 F.Supp.3d 1199, 1207 (C.D. Cal. 2015) ("The scope of the claims governed by a forum selection clause depends [upon] the language used in the clause.") *quoting Ronlake v. US–Reports, Inc.*, 2012 WL 393614 (E.D.Cal. Feb. 6, 2012).[1] Does it provide for jurisdiction of the courts of San Francisco, California which would mean that the clause does not support the exercise of jurisdiction by a federal court in California? *See Doe 1 v. AOL LLC* (9th Cir. 2009) 552 F.3d 1077, 1080 (the phrase "courts of Virginia" in the clause means Virginia state courts and not federal court located in Virginia). Is it permissive or mandatory? *See Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762, 764 (9th Cir. 1989) (forum selection clauses can be either permissive or mandatory). Is it overreaching? *See Murphy v. Schneider National, Inc*. (9th Cir. 2004) 362 F.3d 1133, 1140 (overreaching provisions can preclude enforceability of forum selection clause). Does it apply to tort actions as well as contract actions? *See e.g. Rey v. Rey*, 666 Fed.Appx. 675, 676 (9th Cir. 2016) (the "stemming under" language of a forum selection clause made it narrow in scope). Are its terms reasonable and just? *See M/S Bremen v. Zapata Off-Shore Co.,* 407 US 1, 15 (where such forum-selection clauses have been "freely negotiated," and are not "unreasonable and unjust," their enforcement does not offend due process.) Does it contain terms that contravene public policy? *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003) (forum selection clause that contravene public policy not enforceable). Does it contain inconsistencies? *Indoor Billboard Northwest Inc. v. M2 Systems Corp*., 922 F.Supp.2d 1154, 1163 (D. OR 2013) (any inconsistencies in forum-selection clause interpreted against waiver of right to challenge jurisdiction).

---

[1] As *LaCross v. Knight Transportation, Inc.* explains, "In analogous contexts, the Ninth Circuit has found that provisions using the phrases 'arising under,' 'arising out of,' and 'arising hereunder' (collectively referred to as 'arising under' language) should be narrowly construed to cover only those disputes 'relating to the interpretation and performance of the contract itself.' *Cape Flattery Ltd. v. Titan Mar., LLC,* 647 F.3d 914, 922 (9th Cir.2011); *see also Ronlake,* 2012 WL 393614, at *4. In contrast, provisions that include or add phrases such as 'relating to' and 'in connection with' (collectively referred to as 'relating to' language) have a broader reach. *Cedars–Sinai Med. Ctr. v. Global Excel Mgmt., Inc.,* 2009 WL 7322253, at *5 (C.D.Cal. Dec. 30, 2009); *Cape Flattery,* 647 F.3d at 922; *Joseph v. Amazon.Com, Inc.,* 2013 WL 4806462, at *4 (N.D.Cal. Sept. 9, 2013)." *LaCross v. Knight Transportation, Inc.,* 95 F.Supp.3d 1199, 1207 (C.D. Cal. 2015).

Does it provide for the application of the law of a specific state or country (Nicaragua) such that the forum selection clause is construed under the law specified in the choice of law provision?

While Plaintiff argues that forum selection clauses are presumptively valid, there is no proper clause presented to this Court from which to invoke that presumption. A party seeking to enforce the forum selection clause must prove that it is what it purports to be. *See, Holland America Line Inc. v. Wärtsilä North America, Inc.,* 485 F.3d 450, 458 (9th Cir. 2007) ("In short, the facts and allegations in Holland America's complaint and its affidavits are too thin to meet its initial burden to support jurisdiction under the Washington forum selection clause"); *cf. Alcatel Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, No. CV 09–2140 PSG(JCX), 2010 WL 883831, at *13 (C.D. Cal. Mar. 5, 2010) ("In the Rule 12(b)(3) context, a party seeking to enforce a forum selection clause has the initial burden of establishing the existence and applicability of the forum selection clause").

In short, there can be no enforceable forum selection clause based on a "contract" that Plaintiff has not even produced, where the terms of the purported clause are completely unknown, and where Plaintiff admits Condon was neither a party nor a signatory to the "contract."

**II. EVEN IF THE FORUM SELECTION CLAUSE HAD BEEN RECITED, THERE IS NO EVIDENCE THAT CONDON WAS CLOSELY RELATED SO THAT SHE BENEFITED FROM THE CONTRACT**

Even if Plaintiff had given evidence of the existence and terms of a forum selection agreement, it still remains a fact that Condon was not a signatory to a contract containing such a clause.

Plaintiff argues that, even though Condon was not a signatory, she should be bound by such a provision since she was "closely related" and a valid forum selection clause may bind non-signatories "so closely related" that they "should benefit from and be subject to" the clause. *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.* (9th Cir. 1990) 915 F2d 1351, 1354 (internal quotes omitted) (third party beneficiary bound by forum selection clause).

Many courts considering whether a non-signatory is sufficiently "closely related" to the contract to be bound by a forum-selection clause apply a "common sense, totality of the circumstances approach that essentially inquires into whether, in light of those circumstances, it is fair and reasonable to bind a non-party to the forum selection clause." *Oregon-Idaho Utilities, Inc. v. Skitter Cable TV, Inc*. (D.

Idaho, Aug. 10, 2017) 2017 WL 3446290, quoting *Synthes, Inc. v. Emrege Medical, Inc.*, 887 F.Supp.2d 598, 607 (E.D. Pa. 2012). "This approach places emphasis on whether it should have been reasonably foreseeable to the non-signatory that situations might arise in which the non-signatory would become involved in the relevant contract dispute." *Id*.

Here, there is no admissible evidence on reasonable foreseeability presented by Plaintiff. There is no evidence that Condon accepted any benefits of the purported contract such that it would be fair and reasonable to bind her to it. Rather, Plaintiff merely states in his declaration that Reisner obtained advances "for his family." How does Plaintiff know this? Moreover, no contract or its terms were presented that might speak further on this issue. Thus, all the evidence is speculation.

Nor can Condon be said to be a third-party beneficiary. In *MoistTech Corporation v. Sensortech Systems, Inc.* (C.D. Cal., Sept. 14, 2015) 2015 WL 12778416, the court explained that the California test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract. If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract (and hence the parties thereto) contemplates a benefit to the third person. It noted that the circumstance that a literal contract interpretation would result in a benefit to the third party is not enough to entitle that party to demand enforcement. The contracting parties must have intended to confer a benefit on the third party. *Id*. (internal citations omitted). Here there is no evidence of the terms of the contract or that it was made for the benefit of Condon.

Finally, Condon's status as a wife does not in and of itself impute a "closely related" status for the purposes of forum selection. In *Matuszevoska v. Princess Cruise Lines, Ltd.*, Case No. 06-21975-CIV, 2007 WL 7728281 (S.D. Fla. Feb. 12, 2007), the Court considered whether a decedent-seaman's wife bringing a survival action under the Jones Act, a wrongful death claim under general maritime law, and a wrongful death action under the Death on the High Seas Act, was bound by a forum selection clause in her husband's employment contract with a cruise line. In finding she was not, the undersigned explained: "Plaintiff's wrongful death claims are independent claims brought under statute and the common law, not under the contract between [the seaman] and Princess. Her claims are not "derivative" of [the seaman]'s contract with Princess. Likewise, Plaintiff's status as [the seaman]'s wife does not

1  render her "so closely related" to the relationship between [the seaman] and Princess that it would be
2  foreseeable that she would be bound by the forum selection clause contained in [the seaman]'s contract."
3  *Id*. (alterations added). Here, there was no breach of contract claim brought against Condon, only against
4  Mr. Reisner.
5        Similarly, in *Woods v. Christensen Shipyards, Ltd.*, 2005 WL 5654643 (S.D. Fla. Sept. 23,
6  2005), the court held a forum selection clause did not apply to bind a spouse who was a non-signatory to
7  the contract at issue. In that case, Eldrick "Tiger" Woods, his wife, Elin, and others sued the shipyard
8  from which they purchased a yacht, alleging the shipyard engaged in the unauthorized use of Woods'
9  name and likeness in violation of the contract for the yacht's purchase, which was signed by a Woods-
10 controlled corporation and the shipyard, and in violation of Florida law. Woods' wife brought suit
11 asserting statutory remedies and common law tort. The court held the wife was not bound by the forum
12 selection clause in the contract, stating: "Elin Woods does not assert any claim under the Contract, but
13 sets forth statutory and common law tort claims. While[ ] Elin Woods arguably is a third party
14 beneficiary under the Contract...she is not invoking any benefits under the Contract and therefore cannot
15 be held bound by any of the burdens of the Contract, namely the forum selection clause....Elin Woods'
16 interests are not directly related to and do not rely upon Woods' or [the Woods-controlled corporation]'s
17 interests, but rather are independent....Elin Woods is asserting tort claims on her status which she herself
18 possesses independent of her husband and the Contract between [the corporation] and [the shipyard]....
19 Id. (alterations added; internal citation omitted)." Again, no contractual claims are asserted against
20 Condon.
21       At bottom, there was no evidence presented sufficient to satisfy the "closely related" argument.
22 **III. CALIFORNIA IS NEITHER THE FOCAL POINT OF THE COMPLAINT, NOR OF THE**
23 **HARM SUFFERED; THE EFFECTS TEST DOES NOT POINT TO CALIFORNIA.**
24       Plaintiff argues that, regardless of the forum selection clause, the effects test developed in the
25 Minimal Contacts arena, which is applied generally in tort actions, should be applied because Condon's
26 activities had effect in California. (Opp. pg. 6:16-26). Succinctly put, Plaintiff states that the allegations
27 against Reisner and Condon were felt by him in California – that defendants "sabotaged that California
28 business" Wescott was planning on starting, that intangible trade secrets were misappropriated from

himself and he was a California resident, and a California resident was defrauded and suffered injury. (Opp. pg. 7:7-16) Condon has addressed this issue in her discussion of the purposeful direction test of *Calder v. Jones*, 465 U.S. 783, 789 (1984) which is also known as the effects test and is set out in her Motion, beginning at page 6.

In any event, where a nonresident defendant operates entirely outside the forum state, the mere fact that its acts "cause an effect" within the state, or even that such effect was "foreseeable," is not itself enough to support local personal jurisdiction. *Walden v. Fiore* (2014) 134 S.Ct. 1115, 1123 (jurisdictional inquiry focuses on defendant's own affiliations with state, not solely on interactions with a party in the state). Where California is both the focal point of the story and of the harm suffered, the effects test is applicable. *Walden, supra* ; *Calder v. Jones* 465 U.S. 783, 789 (1984). Here, the Complaint speaks of development of Nicaraguan properties, the obtaining of permits in Nicaragua, the alleged taking of unauthorized side projects in Nicaragua, the alleged submission of fraudulent expenses occurring in Nicaragua, the alleged fire sale of properties in Nicaragua at a loss, and the alleged absconding of these sale funds to Singapore. Furthermore, there is no evidence that Condon undertook any foreseeable activities. Plaintiff's declaration was nothing but hearsay and speculation.

The fact that Plaintiff has alleged injury and he is a California resident is not a determinative factor. Rather, the "focus" of the misconduct must be directed at the forum; the fact that plaintiff resides there, while potentially relevant, is not alone sufficient. *Walden v. Fiore, supra* at 1123-1126. In *Walden v. Fiore*, plaintiffs from Nevada sued Georgia Police Officer for intentionally and wrongfully seizing their funds while they were passing through the Atlanta airport. Since no part of defendant's conduct occurred in Nevada and he had no other jurisdictionally relevant contacts, Nevada lacked personal jurisdiction over him. The effect was tethered to Nevada only because that is where plaintiffs happened to be. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id*. at 1123. In sum, the *Walden* Court explained that the defendant's relationship with the state must arise from the defendant's contacts with the forum, not with persons who reside there. And, because the *Walden* plaintiffs brought claims for intentional torts, the Court further explained that, under the *Calder* effects test, jurisdiction under that test does not

Reply Re: Condon's Motion To Dismiss Case No. 17-cv-06271-DMR

depart from a focus on the defendant's conduct, and that the Court's normative specific jurisdiction law "appl[ies] when intentional torts are involved."

There is no evidence of any Condon actions directed at California; to the contrary, the Complaint details that the allegedly offensive conduct occurred in Nicaragua. And, of course, Condon was not a signatory to the 2009 Partnership Agreement.

**IV. SINCE THERE WAS NOT A COLORABLE CLAIM OF JURISDICTION, CONTINUED DISCOVERY IS NOT PROPER.**

Discovery is appropriate if the plaintiff makes a colorable claim of jurisdiction. *j2 Global Communications, Inc. v. Vitelity Communications, LLC* (C.D. Cal., Apr. 12, 2012, No. CV 11-07904 DDP EX) 2012 WL 1229851. No such colorable claim was made. No valid forum selection clause was presented, no admissible evidence was introduced. Discovery in such a situation is not warranted.

**V. CONCLUSION**

Based on all the reasons set forth in Condon's moving papers and in this Reply, it is respectfully requested that this Court grant Condon's Motion to Dismiss.

Dated: May 15, 2018                                             VALINOTI, SPECTER & DITO, LLP

                                                                By:  /s/ Mark Anthony Rodriguez
                                                                     Ronald Specter, Esq.
                                                                     Mark Anthony Rodriguez, Esq.
                                                                     Attorneys for Defendant
                                                                     KERRY CONDON

***PROOF OF SERVICE***

I, the undersigned, certify and declare that I am over the age of 18 years and not a party to the within action. My business address is: 5000 Birch Street, Suite 3000, Newport Beach, California 92660. On the date set forth below, I served the following documents: DEFENDANT KERRY CONDON'S REPLY REGARDING HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(B)(2)

I served the foregoing documents on the following persons:

Carl Alexander Wescott
PO Box 190875
San Francisco, CA 94119

Eric Reisner
30 Lone Pine Trail
Old Lyme, CT 06371

The documents were served via: FIRST CLASS MAIL. I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) set forth above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Newport Beach, California. As a matter of courtesy, on the date indicated below I also emailed a copy of this document Carl Alexander Wescott at c@carlawescott.com.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 15, 2018, at Newport Beach, California.

By: /s/ Amy Ellis
Amy Ellis