1  Carl A. Wescott
2  PO Box 190875
   San Francisco, CA 94966
3  *in propria persona*
   +1 415 335 5000
4

5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7              SAN FRANCISCO DIVISON
8

9  Carl A. Wescott,              ) Case No. 17-cv-06271-EMC
10                Plaintiff       )
11  ------------- versus -------- ) **PLAINTIFF'S OBJECTION TO REPLY**
12  Eric Reisner and              ) **EVIDENCE IN DEFENDANT CONDON'S**
13  Kerry Condon,                 ) **REPLY BRIEF IN SUPPORT OF HER**
14                Defendants      ) **MOTION TO DISMISS FOR LACK OF**
15  And DOES 1 to 20,             ) **PERSONAL JURISDICTION**
16                Defendants      ) Expected hearing date: May 24th, 1:30 pm

17

18     Plaintiff Carl A. Wescott, proceeding *pro se*, pursuant to Northern District of California
19
20  Local Rule 7-3 (d) (1) objects to new material in Defendant Condon's Reply Brief and in support
21  of his Objection and in compliance with Rule 7-3 (d) (1) he offers this concise Memorandum of
22  Points & Authorities.
23
       On April 7, Ms. Condon filed a Motion to Dismiss based on lack of Personal Jurisdiction
24
25  and attached a Memorandum of Points & Authorities ("MPA") supporting that Motion. She
26  argued that she had not availed herself of the privilege of doing business in California and that as
27  a non-signatory to the Partnership Agreement ("the Agreement") Plaintiff entered into with her
28

**PLAINTIFF'S OBJECTION TO REPLY EVIDENCE IN
DEFENDANT CONDON'S REPLY BRIEF IN SUPPORT OF HER
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

husband, Eric Reisner she was not bound by the forum selection clause therein. (see specifically pp 6-7 of MPA). Ms. Condon attached a declaration in which her only assertion was as follows:

> 7. The complaint files in this action mentions a 2009 partnership agreement between the Plaintiff, Carl Alexander Wescott and Eric Reisner. I was not a party to this agreement nor was I a signatory to this agreement.

Neither the MPA, nor the declaration by Ms. Condon specifically challenged the *existence* of the Agreement or the inclusion of a forum selection clause. Yet her Reply brief devotes its first three pages to this new argument that materially expands or contradicts the evidence Ms. Condon presented in connection with her initial MPA. Indeed, given Ms. Condon's initial filing the Plaintiff was not on notice that she was challenging the terms of the Agreement.

Federal practice is consistent with California practice in not requiring the Plaintiff to attach a copy of the complaint on which his complaint is based:

> To the extent Defendant complains the alleged contract (if written) is not attached to the complaint, "while it is certainly good practice to attach a written contract to a plaintiff's complaint for breach of contract where one exists," the Federal Rules of Civil Procedure do not explicitly require attachment of a written contract to the complaint. Ferrell v. Addington Oil Corp., No. 2:08-CV-74, 2010 WL 3283029, *4 (E.D. Tenn. Aug. 18, 2010)

The Plaintiff is unable to locate a copy of the contract at present but he could have focused his sworn declaration on the existence of the Agreement and the specific inclusion of a forum selection clause therein had Ms. Condon included her challenge to both in her initial sworn declaration. The Defendant appears to have set the Plaintiff up for a bit for an ambush in this regard. Rule 7-3 (d) (1) permits Objection but not further argument. If the Court would benefit from further argument or a more specific declaration, the Plaintiff would be happy to file a Sur-Reply (though the Plaintiff will be away from San Francisco until March 23rd).

2

**PLAINTIFF'S OBJECTION TO REPLY EVIDENCE IN
DEFENDANT CONDON'S REPLY BRIEF IN SUPPORT OF HER
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Alternatively and conjunctively he can amend to plead the course of dealing, content of the contract and other related facts if the Court believes it to be necessary to withstand the Defendant's assault.

The Plaintiff would like to observe good practice and believes he will locate --- or obtain in discovery – a copy of the relevant document. Until the filing of Ms. Condon's Reply, he had not been on fair notice that the Defendant challenged the existence of the Agreement or the inclusion of the forum selection clause. As a *pro se,* the Plaintiff is unclear as to whether Courts might consider new arguments put in to a Reply to Opposition to a Motion. If so, before the Court rules based on that new challenge and argument, the Plaintiff respectfully requests a fair opportunity to respond in detail whether by Sur-reply or amendment.

RESPECTFULLY SUBMITTED

*[signature: C.A. Wescott]*

Carl A. Wescott, pro se   5/16/2018

PLAINTIFF'S OBJECTION TO REPLY EVIDENCE IN
DEFENDANT CONDON'S REPLY BRIEF IN SUPPORT OF HER
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION