UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>Plaintiff,<br><br>v.<br><br>ERIC REISNER, et al.,<br><br>Defendants. | Case No. 17-cv-06271-EMC<br><br>**ORDER GRANTING DEFENDANT CONDON'S MOTION TO DISMISS**<br><br>Docket No. 24 |

Plaintiff Carl Wescott entered into a partnership agreement with Defendant Eric Reisner to develop a property in Nicaragua. Mr. Reisner allegedly did not uphold his end of the bargain and, worse, sold the property without Mr. Wescott's knowledge and ran off with the proceeds. Mr. Reisner was married at the time to Defendant Kerry Condon, who allegedly encouraged him to sell the property. On that basis, Mr. Wescott brings causes of action against Ms. Condon for conspiracy to commit fraud, aiding and abetting a fiduciary breach, conspiracy to misappropriate trade secrets, and interference with contract. Ms. Condon moves to dismiss under Rule 12(b)(2), arguing that the Court lacks personal jurisdiction over her because she is not a California resident, has not consented to personal jurisdiction, and is not accused of doing anything with a sufficient nexus to California. For the reasons below, Ms. Condon's motion is **GRANTED**.

## I. FACTUAL ALLEGATIONS

Mr. Wescott and Mr. Reisner entered a partnership agreement in January 2009 to develop a property in Nicaragua into a residential subdivision (the "Property"). *Id.* ¶ 8, 1-14. Under the agreement, Mr. Wescott paid Mr. Reisner a monthly $5,000 "loan" and guaranteed him 10% of potential profits after repayment of the loans. Wescott Decl. ¶ 3. Mr. Reisner was responsible for obtaining the requisite permits and locally overseeing and managing the project. Ms. Condon was

not a signatory or party to the agreement, but she moved to Nicaragua with Mr. Reisner. *Id.* ¶ 3, 15.

Defendants' time in Nicaragua was brief. Mr. Wescott was not satisfied with Mr. Reisner's efforts to obtain the requisite permits and was also critical of his spending habits. *See* Compl. ¶ 15, 17, 18, 19, 20, 22, 23 (*e.g.*, Mr. Reisner did not work much on getting the permits, wasted money, and refused to provide receipts and invoices). Mr. Reisner allegedly threatened Mr. Wescott's children when the monthly payments were late. *Id.* ¶ 23. Defendants left Nicaragua in approximately January 2010. *Id.* ¶ 24.

Later in 2010, Mr. Reisner, allegedly without Mr. Wescott's knowledge or consent,[1] sold the Property at a fire sale price and, with Ms. Condon, spirited to Singapore with the proceeds. *Id.* ¶ 25. Mr. Wescott did not learn about the sale until 2016 when he returned to Nicaragua. *Id.* ¶ 29. He could not locate Mr. Reisner at that time, but learned in October 2017 that Mr. Reisner was in Connecticut. *Id.* ¶¶ 30-31. He sued the couple shortly thereafter.

The principal target of Plaintiff's complaint is his former business partner, Mr. Reisner,[2] but he also sues Ms. Condon for supporting her ex-husband's conduct. Mr. Wescott alleges that Ms. Condon was "a sophisticated and experienced business executive" who "conspired with her husband to commit the breaches of trust, acts of misappropriation, and fraud that are at the core of the complaint." *Id.* ¶ 4. He claims that Condon "collud[ed]" with Mr. Reisner and "encourag[ed]" him to take acts like sell the Property at a fire sale price and convert the funds. *Id.* ¶ 7. However, no factual details about the nature of such "collusion," "agreement," "conspiracy," or "encouragement" are alleged; the terms are invoked in a conclusory manner.[3]

---

[1] Plaintiff alleges he was induced into giving power of attorney by Mr. Reisner's claims that "it was too difficult to make progress needing Plaintiff's signature on major items," but that the scope of Mr. Reisner's authority was circumscribed as they agreed "Reisner would email Plaintiff for written permission for each signature he would make locally" so that "Plaintiff could still control his investment and the property." Compl. ¶ 18.

[2] The claims against Mr. Reisner are for promissory fraud, fraud, breach of fiduciary duty, misappropriation of trade secrets, breach of contract, and conversion.

[3] *See* Compl. ¶ 52 (Condon "agreed" with Reisner's "scheme" to commit fraud by omitting material fact of the fire sale from Plaintiff); *id.* ¶ 63 (Condon "gave substantial assistance to Reisner by encouraging him, inducing him, and helping him plan his breach of fiduciary duty");

2

In his opposition brief, Mr. Wescott claims that Ms. Condon "played the role of Lady Macbeth in this drama." Opp. at 4. He also avers that when he met with Ms. Condon and Mr. Reisner in Nicaragua, she spoke about Mr. Wescott's obligations as if they extended not only to Mr. Reisner but also to herself. *Id.* ¶¶ 5-6. She "complained to Reisner that the Plaintiff would never pay 'us' and that Reisner and Condon should simply move to Singapore to pursue Condon's professional opportunities as a corporate recruiter." *Id.* ¶ 7. Plaintiff offers no other factual detail about Ms. Condon's specific conduct, however.

Mr. Wescott and Mr. Reisner executed their Partnership Agreement in California, and the Agreement allegedly designates California as the forum for any disputes arising out of the agreement. *Id.* ¶ 6. However, Ms. Condon was not a party to the agreement, lives in Massachusetts, has never lived in California, and divorced Mr. Reisner in February 2014. Condon Decl. ¶¶ 2-4. Plaintiff does not dispute these assertions. Further, Ms. Condon's alleged misconduct occurred in Nicaragua; she appears to have no other connection to California. Ms. Condon moves to dismiss for lack of personal jurisdiction.

## II. LEGAL STANDARD

Under Rule 12(b)(2), a plaintiff bears the burden of establishing personal jurisdiction. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). When only written materials are presented to the court, the plaintiff need only make a prima facie showing of jurisdictional facts to prevail. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). All disputed facts are resolved in the plaintiff's favor. *Id.*

## III. DISCUSSION

When no federal statute governs personal jurisdiction, a district court applies the law of the state in which it sits. *See Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California permits exercise of personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Code Proc. § 410.10. Because the due

---

*id.* ¶ 73 (Condon "agreed with Reisner's scheme to misappropriate Plaintiff's Business Method . . . and encouraged and assisted Reisner in committing the acts of misappropriation"); *id.* ¶ 82 (Condon "encouraged, abetted, assisted, and induced Reisner's material breaches of the parties' Partnership Agreement").

3

process protections provided by the California and United States constitutions are not identical,[4] the Court's exercise of personal jurisdiction must be consistent with both state and federal limitations.

Personal jurisdiction may be either general or specific. General jurisdiction applies when a person's contacts with a state are "substantial" or "continuous and systematic," a high standard that approximates physical presence. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984). Plaintiff does not argue that general jurisdiction obtains here.

Under due process analysis, specific jurisdiction exists when an out-of-state defendant "purposefully direct[s] its conduct into the forum State," the plaintiff's claim "arise[s] out of or relate[s] to the defendant's forum conduct," and the exercise of jurisdiction is "reasonable under the circumstances." *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1785-86 (2017) (quotations and citations omitted). Moreover, "[f]or a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a *substantial* connection with the forum State," *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014) (emphasis added), and the defendant's relationship with California "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* (citation omitted). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 1122.

Ms. Condon's alleged conduct—encouraging her husband to sell the Nicaragua property and move to Singapore—was not directed at California. It happened in Nicaragua. The fact that Mr. Wescott experiences his financial injury in California because he happens to live here does not establish personal jurisdiction. *See id.* at 1125 (explaining that "mere injury to a forum resident is not a sufficient connection to the forum" because it is a function of where the plaintiff happens to live rather than the defendant's actions targeting the forum state).

---

[4] *See, e.g.*, *People v. Bedrossian*, 20 Cal.App.5th 1070, 1074 (2018) ("Procedural due process under the California Constitution is much more inclusive and protects a broader range of interests than under the federal Constitution." (citations and quotation omitted)); *Los Angeles Cty. Dept. of Children and Family Servs. v. Sup. Ct. (Paul C.)*, 62 Cal.App.4th 1, 14 (1998) (explaining that California's due process clause "sweeps more broadly than the analogous federal clause.").

4

At the hearing, Plaintiff appeared to concede this point and did not identify any other contacts between Ms. Condon and California. Rather, Plaintiff asserts two other theories to support personal jurisdiction. First, he argues that the forum selection clause in the Partnership Agreement between Mr. Wescott and Mr. Reisner may be enforced against Ms. Condon because she was a beneficiary of the Partnership Agreement or closely related to the transaction. Second, he argues that the Court's personal jurisdiction over Mr. Reisner is attributable to Ms. Condon because she was Mr. Reisner's co-conspirator. As explained below, neither argument establishes personal jurisdiction on the facts of this case.

A contracting party who consents to a forum selection clause may waive objections to the exercise of personal jurisdiction by the designated forum. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007); *Chan v. Soc. Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994). Because Ms. Condon was not a party to the agreement, however, she cannot be said to have consented to the forum selection clause; thus, she did not submit to the jurisdiction of California courts. Further, there is no allegation or evidence that, *e.g.*, Mr. Reisner "had the authority to consent to jurisdiction for" Ms. Condon when he signed the agreement. *Holland Am.*, 485 F.3d at 458.

Alternatively, a forum selection clause may be enforced against non-signatories who affirmatively bring suit to assert a right under the contract. *See Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1180 (9th Cir. 2014) (under doctrine of direct benefits estoppel, a nonsignatory plaintiff who "knowingly exploits the benefits of [an] agreement and receives benefits flowing directly from the agreement" may be required to abide by a requirement to litigate in a particular forum); *TAAG Linhas Aereas de Angola v. Transam. Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990) (a third-party beneficiary affirmatively bringing suit is constrained by a forum selection clause because of the "well-settled contract law [principle] that the scope of a third-party beneficiary's rights is defined by the contract"). But here, the estoppel rationale underlying these cases does not apply. Ms. Condon is the *defendant* being sued, not the plaintiff bringing suit. Moreover, neither *Nguyen* nor *TAAG* discusses personal jurisdiction.

Nor is Ms. Condon subject to personal jurisdiction through the forum selection clause as a

person allegedly "closely related to the contractual relationship." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509 (9th Cir. 1988). *Manetti-Farrow* is inapposite because it addressed a venue dispute, not personal jurisdiction. The plaintiff had consented to litigate all claims arising out of an exclusive distributor contract in Florence, Italy. The sole question was how broadly the clause applied, *i.e.*, whether it applied only to claims against the other contracting parties or also against "closely related" non-parties for claims "relate[d] in some way to rights and duties enumerated in the . . . contract." *Id.* at 514. Thus, *Manetti-Farrow* addresses where the forum selection clause required the plaintiff to bring her own claims, not whether the clause permitted the plaintiff consistent with due process to haul non-parties into a particular court.

Nor can Mr. Reisner's conduct be attributed to Ms. Condon by virtue of her role as a co-conspirator. Although the Ninth Circuit has not squarely addressed the question, *see Chirila v. Conforte*, 47 Fed. Appx. 838, 843 (9th Cir. 2002) (noting that conspiracy theory of personal jurisdiction has been "criticized by commentators" though Ninth Circuit has not addressed the question), district courts in this circuit have refused to exercise personal jurisdiction over defendants based solely on the actions of their co-conspirators. *See*, *e.g.*, *MMCA Grp., Ltd. v. Hewlett-Packard Co.*, 2007 WL 1342586, at *7-8 (N.D. Cal. May 8, 2007) (collecting cases). In any event, California courts applying both California and federal due process have held that personal jurisdiction does not lie over an out-of-state defendant merely because of the residence or acts of a co-conspirator. Rather, "[w]here conspiracy is alleged, an exercise of personal jurisdiction must be based on forum-related acts that were *personally committed by each nonresident defendant,* and acts of an 'alleged co-conspirator—cannot be imputed to establish jurisdiction over the third party defendant.'" *CenterPoint Energy, Inc. v. Sup. Ct.*, 157 Cal.App.4th 1101, 1118 (2007) (quoting *In re Automobile Antitrust Cases I and II*, 135 Cal.App.4th 100, 113 (2005)) (emphasis added). Thus, "[j]urisdictional facts . . . must pertain to each nonresident defendant individually, even in an alleged conspiracy." *In re Automobile Antitrust Cases*, 135 Cal.App.4th at 118. Because these decisions rely on interpretation of the due process clause under the California Constitution, the Court is bound by California law which applies through Cal. Code Civ. Proc. § 410.10.

6

Here, Mr. Wescott makes only vague and conclusory allegations of a conspiracy, and the only act by Ms. Condon he alleges is her "encouragement" of her husband to sell the Nicaragua property. Even if such encouragement constituted "wrongful conduct in furtherance of the conspiracy," *Arei II Cases*, 216 Cal.App.4th 1004, 1022 (2013) (quotation and citation omitted), it happened in Nicaragua, not California. Ms. Condon is not alleged to have personally committed any acts in California. There is, therefore, no basis for personal jurisdiction under California law.

For these reasons, Ms. Condon's motion to dismiss for lack of personal jurisdiction is **GRANTED**. As stated at the hearing, if Mr. Wescott obtains additional information through discovery (in connection with his claim against Mr. Reisner) which establishes a sufficient nexus between Ms. Condon's actions and California to support personal jurisdiction consistent with this order, he may seek leave to amend.

This order disposes of Docket No. 24.

**IT IS SO ORDERED**.

Dated: June 1, 2018

EDWARD M. CHEN
United States District Judge