Case 4:17-cv-06271-SBA   Document 64   Filed 12/06/18   Page 1 of 5

Carl Wescott
PO Box 190875
San Francisco, CA 94966
*in propria persona*
+1 415 335 5000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISON

| | | |
|---|---|---|
| Carl Alexander Wescott, | ) | Case No. 17-cv-06271-EDL |
| Plaintiff | ) | |
| ------------------- versus ------------------- | ) | **PLAINTIFF'S MOTION FOR DEFAULT** |
| Eric Reisner | ) | **JUDGMENT** |
| Defendants | ) | Hearing Date: January 9th, 2018 |
| And DOES 1 to 20, | ) | Hearing Time: 10 am |
| Defendants | ) | |

Pursuant to Federal Rules of Civil Procedure 16 (f) (1); Federal Rule of Civil Procedure 55 (a) and 28 USC 1927 4.2; and Rule 55 the Plaintiff hereby moves for a Default Judgment against Defendant Eric Reisner for failing to appear at successive Pretrial Conferences and for the imposition of costs and sanctions against the Defendant, pursuant to Rule 16 (f) (2).. In support of his Motion, the Plaintiff offers this concise Memorandum of Points & Authorities.

1. Introduction

This case is about fiduciary breach, embezzlement, fraud and the misappropriation of trade secrets arising out of a contract to develop property in Nicaragua. The Plaintiff trusted Defendant Reisner ("Reisner") with substantial funds including the purchase of property with those funds

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

and legal control/power of attorney over that property. Reisner misused the latter to fraudulently sell valuable real property at fire sale prices and convert the funds. Reisner left the country and absconded to Singapore with the proceeds of his theft and has only been recently located by the Plaintiff. Conjunctively, the Plaintiff entrusted Reisner with valuable trade secrets related to the valuation, value optimization, venue selection, marketing, and financing of international real estate. Reisner misappropriated the Plaintiff's trade secrets.

After initially answering, Reisner has entirely failed to defend or to cooperate with the management of this case including, without limitation: a.) failing to participate or appear at case management conferences, b.) failing to cooperate, exchange 26.1 disclosures or otherwise appear before this Court in connection with the initial exchange of discovery and c.) filing to follow court orders to file paperwork and cooperate on paperwork. This pattern of abdicating his responsibilities before this Court subjects Reisner to a Default Judement under Federal Rule of Civil Procedure 16 (f) (A) thru (C) for persistently failing to appear and/or cooperate in the case management and case scheduling process.

2. <u>This Court is Empowered to Enter a Default Judgment</u>

Federal Rule of Civil Procedure 16 (f) states, in pertinent part:

> (f) SANCTIONS.
>   (1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by <u>Rule 37(b)(2)(A)(ii)</u>–(vii), if a party or its attorney:
>       (A) fails to appear at a scheduling or other pretrial conference;
>       (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>       (C) fails to obey a scheduling or other pretrial order.
> Sanctions under Rule 37 (b) (2) (A) (ii) include:
>       (vi) rendering a default judgment against the disobedient party;

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**   2

The Court, in such a case, *must* (in the language of the Rule) award sanctions and costs unless the party can justify his noncompliance. See Rule 16 (f) (2).

The Court is not only empowered to enter a Default Judgment in this case, such a course is almost compelled by the seriousness of Reisner's infractions:

> When the Court enters a case management order under Federal Rule of Civil Procedure 16, it is not spit balling ideas around a conference room table. Instead, the Court is entering dates (that, by the way, the parties had substantial input in determining) to help ensure the orderly proceeding of the matter within a very busy district court. *See* Rule 16 1983 Advisory Committee Notes ("[A]t some point both the parties and pleadings will be fixed."); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril). Cited in *McCann v. Cullinan*, No. 11 CV 50125 (W.D. Ill. 2011).

Judge Johnston pointed out, in the course of the same Opinion:

> Counsel must calendar and meet dates. And if counsel is going to miss a deadline, then counsel should file a motion seeking an extension *before* the deadline has passed. *See, e.g., Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012); *Johnson v. Gudmondsson*, 35 F.3d 1104, 1111 (7th Cir. 1994); *Ammons-Lewis v. Metropolitan Water Reclamation District*, 2012 U.S. Dist. LEXIS 170976, at *4-5 (N.D. Ill. Nov. 30, 2012) (filing before expiration of deadline entitles movant to proceed under more lenient standard of Rule 6(b)(1)(A)). Counsel is far more likely to receive the extension by seeking it before the expiration. 1 *Moore's Federal Practice*, §6.06[2], p. 6-32 (Matthew Bender 3. ed. 2013). Indeed, this concept is contained in the Federal Rules of Civil Procedure. *Compare* Fed. R. Civ. P. 6(b)(1)(A) *with* Fed. R. Civ. P. 6(b)(1)(B). The old adage that it is better to beg for forgiveness than to plead for permission was rejected by the Federal Rules of Civil Procedure. *Id.; see Gray v. U.S. Steel Corp.*, 2012 U.S. Dist. LEXIS 31834, at *11-12 (N.D. Ind. Mar. 9, 2012). Failure to follow this simple solution inevitably leads to additional delay, which is a scourge of modern civil litigation. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (7th Cir. 1990). It behooves litigants, counsel and courts to remember a purpose of the Federal Rules of Civil Procedure is to seek a speedy resolution. Fed. R. Civ. P. 1.

In the case at bar, we are dealing with a pattern of disrespect from Reisner. The Defendant failed to cooperate in fashioning the parties' case management statement; simply failed to show for both case management conferences, the settlement conference, and failed to provide a 26.1

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** 3

statement. The Court expressed exasperation in open Court with this pattern of malign neglect. (See, generally, Sworn Declaration of Carl Wescott, attached hereto as Exhibit "A").

In the view of the plaintiff, the Defendant simply lacks a defense and has decided to adopt pure dilatory tactics. Judge Johnston was correct to identify this strategy as "a scourge of Modern litigation". (For the Court's convenient reference, the Plaintiff has attached Judge Johnston's Opinion hereto as Exhibit "B"). The imposition of a Default Judgment – subject to prove-up of damages – is expressly authorized by the incorporation of Rule 37 (b) (2) (A) (ii) sanctions which in turn include the entry of a Default Judgment.

### 3. The Court's Authority is Not Limited to Rule 16

Alternatively and conjunctively, this Court possesses power to impose sanctions against parties for employing delaying tactics pursuant to 28 USC 1927 4.2. The Court also possesses the inherent power to coerce compliance with its Orders. *Chambers v. NASCO Inc.*, 501 US 32, 46 (1991). Finally, the Court can impose a Default under Federal Rule of Civil Procedure 55 (a) for "otherwise failing to defend". See Jessica Ruoff, Why Broadly Interpreting "Otherwise defend" Portects a Diligent Party's Rights and Encourages an Orderly and Efficient Judicial System, 88 St. John's Law Review 467 (June 2015) and cases cited therein.

### 4. Conclusion

This Court is fully justified in its exasperation at the Defendant's disrespect for the case management and discovery process. The Court has ample grounds and justification for imposing the sanction of a Default Judgment. The Plaintiff also asks for the award of appropriate sanctions under Rule 16 (F) (2)

RESPECTFULLY SUBMITTED

_____
Carl A. Wescott, *pro se*