UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIC REISNER,<br><br>    Defendant. | Case No: C 17-06271 SBA<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B)** |

Plaintiff Carl Wescott ("Plaintiff"), proceeding pro se, filed a Complaint for breach of contract and other related causes of action against Defendant Eric Reisner ("Defendant") on October 30, 2017. Dkt. 1.[1] Defendant, also proceeding pro se, filed an Answer on January 29, 2018. Dkt. 13.

On or about August 16, 2018, Judge Edward M. Chen—to whom the action was then assigned—ordered the parties to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 within 30 days and to participate in a settlement conference within 90 days. Dkt. 50. The action was referred to Magistrate Judge Kandis A. Westmore for settlement, and a settlement conference was scheduled for November 16, 2018, at 11:00 a.m. Dkt. 55. Magistrate Judge Westmore's settlement conference order required, among other things, that each party prepare and submit a settlement conference statement at least 10 calendar days prior to the conference (i.e., no later than November 6, 2018). Id. at 3.

---

[1] The Complaint also named Kerry Condon as a defendant; however, she was dismissed from the action on June 1, 2018. See Dkt. 44.

| | |
|---|---|
| 1 | On November 15, 2018, Magistrate Judge Westmore issued an order terminating the |
| 2 | settlement conference. Dkt. 59. Magistrate Judge Westmore stated that Plaintiff had failed |
| 3 | to submit a settlement conference statement. Id. at 1. Additionally, when the Court |
| 4 | attempted to contact Plaintiff by telephone, which it did at least ten times, the Court was |
| 5 | directed to a message indicating that the user's mailbox was full. Id. Because Plaintiff had |
| 6 | not submitted a settlement conference statement as ordered, and because he had provided a |
| 7 | telephone number that "effectively render[ed] him unreachable," Magistrate Judge |
| 8 | Westmore canceled the settlement conference. Id. at 2. She also ordered Plaintiff to |
| 9 | provide an updated telephone number where he could be reached and to contact the Court |
| 10 | to reschedule the settlement conference. Id. It appears Plaintiff made no subsequent |
| 11 | attempt to schedule another conference. |
| 12 | On November 27, 2018, Magistrate Judge Elizabeth D. Laporte—to whom the |
| 13 | action had been reassigned—issued a Case Management and Pretrial Order pursuant to |
| 14 | Federal Rule of Civil Procedure 16, setting a pretrial schedule. Dkt. 62. Among other |
| 15 | things, the Order provides a fact discovery cutoff of May 14, 2019, and specifically |
| 16 | instructs the parties to supplement and/or correct their Rule 26 disclosures on an ongoing |
| 17 | basis and at least 28 days before the fact discovery cutoff date. Id. ¶¶ 2.a. & d. The Order |
| 18 | also sets a deadline to file dispositive motions by July 2, 2019, with a pretrial conference on |
| 19 | September 24, 2019, and trial set to begin on October 15, 2019. Id. ¶¶ 1.a., 3 & 5.a. |
| 20 | On December 6, 2018, Plaintiff filed his first motion for default judgment. Dkt. 64. |
| 21 | Magistrate Judge Laporte denied the motion on January 23, 2019. Dkt. 69. Shortly |
| 22 | thereafter, on February 26, 2019, Magistrate Judge Laporte held a further case management |
| 23 | conference. Dkt. 76. At that time, Defendant stated that he had yet to receive from |
| 24 | Plaintiff a copy of the final, signed contract underlying the dispute. Id. Magistrate Judge |
| 25 | Laporte ordered Plaintiff to provide "all documents, especially those related to breach of |
| 26 | contract" to Defendant by March 15, 2019. Id. That deadline was also memorialized in a |
| 27 | written order. Dkt. 77. Magistrate Judge Laporte also re-referred the parties to Magistrate |
| 28 | Judge Westmore to conduct a settlement conference. Dkt. 76. |

The following day, February 27, 2019, Plaintiff filed his second motion for default judgment. Dkt. 80. Defendant filed a response to the motion on April 1, 2019. Dkt. 88. In it, Defendant stated that Plaintiff still had not provided the documents that Magistrate Judge Laporte ordered him to provide by March 15, 2019. Id.

On April 23, 2019, Magistrate Judge Laporte held a hearing on Plaintiff's second motion for default judgment, which she denied. Dkt. 96.[2] At the hearing, Magistrate Judge Laporte again ordered the parties to participate in a settlement conference before Magistrate Judge Westmore. Dkt. 94. Magistrate Judge Laporte also admonished Plaintiff that the action could be dismissed for failure to prosecute and/or continued noncompliance with the Court's orders. See Dkt. 96. Thereafter, Magistrate Judge Westmore scheduled a pre-settlement telephonic conference for June 13, 2019 at 2:15 p.m. Dkt. 97. Defendant appeared for the telephonic conference; Plaintiff did not. Dkt. 99.

A district court may dismiss an action, sua sponte, if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss an action under Rule 41(b), the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ferdik, 963 F.2d at 1260-61.

As set forth above, Plaintiff has violated (and continues to violate) Judge Chen's order requiring the parties to participate in a settlement conference within 90 days of August 16, 2018. He has also failed on two occasions to comply with Magistrate Judge Westmore's specific settlement conference orders. A settlement conference was initially scheduled for November 16, 2018. Plaintiff violated Magistrate Judge Westmore's settlement conference order by not filing a timely settlement conference statement,

---

[2] In denying the motion, Magistrate Judge Laporte noted that Defendant has "fully participated" in the case since the denial of the first motion for default judgment. Dkt. 95.

resulting in the termination of the scheduled conference.  Plaintiff also failed to comply with Magistrate Judge Westmore's subsequent order directing him to contact her chambers to reschedule the conference.  More recently, in April 2019, Magistrate Judge Laporte again ordered the parties to participate in a settlement conference.  Plaintiff violated that order, as well as Magistrate Judge Westmore's subsequent scheduling order, when he failed to appear for the pre-settlement telephone conference on June 13, 2019.  As a result of Plaintiff's conduct, the parties have yet to complete their selected ADR process, despite the fact that Judge Chen first directed them to do so nearly *two years ago*.  In doing so, Plaintiff has also wasted Magistrate Judge Westmore's time and resources.

The Court also observes that Plaintiff has done little to advance this action toward trial or some other final resolution.  See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court.").  Although Plaintiff provided some initial disclosures, he had not, as of April 1, 2019 (and possibly to the present day), provided Defendant with a copy of the contract upon which the action is based.  This is despite: (1) Judge Chen's order in August 2018 requiring the parties to exchange their Rule 26 disclosures within 30 days; (2) the Case Management and Pretrial Order requiring the parties to supplement and/or correct their disclosures on an ongoing basis and at least 28 days before the fact discovery cutoff; and (3) Magistrate Judge Laporte's order in February 2019 requiring Plaintiff to provide a copy of the contract and all other documents related to the breach of contract claim by March 15, 2019.  Furthermore, although the fact discovery cutoff passed on May 14, 2019, it appears that no meaningful discovery has been completed.  Nor was a dispositive motion (e.g., a motion for summary judgment) filed prior to the motion cutoff on July 2, 2019.

The only action Plaintiff has taken in this case is the filing of two *unsuccessful* motions for default judgment.  The Court notes that the second of those motions was filed directly on the heels of the denial of the first motion, even though Defendant has "fully

participated" in the action following the first motion. Dkt. 95.³ In view of the forgoing, the Court is left with the impression that Plaintiff seeks to avoid a settlement conference or any other test of the merits of his action.

IT IS HEREBY ORDERED THAT Plaintiff shall show cause why the action should not be dismissed under Rule 41(b) for failure to comply with the Court's orders requiring him to (1) participate in a settlement conference and (2) supplement his initial disclosures to provide Defendant with documents related to his breach of contract claim, including a copy of the contract. Within **ten days** of the date this Order is filed, Plaintiff shall file a written response (supported by a declaration, if appropriate) explaining why the action should or should not be dismissed. In addition, Plaintiff's written response shall set forth the nature of the case, its present status (including the status of discovery), and the reasons that additional action has not been taken to bring the case to a final resolution (including why no dispositive motion was filed and whether Plaintiff anticipates filing a motion to modify the pretrial schedule if the case is not dismissed).⁴ **FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE.**

IT IS SO ORDERED.

Dated: August 5, 2019

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

³ The Court acknowledges that Defendant has not always complied with court orders and deadlines. As stated above, however, Plaintiff bears the burden of advancing his case to a final determination. If a defendant fails to provide disclosures or respond to discovery requests, it is incumbent upon the plaintiff to file the necessary motions to compel such action. The Court cannot adjudicate matters not placed before it by the parties.

⁴ The parties are advised that the Court is not inclined to retroactively extend deadlines that have already passed, absent both exigent and unforeseen circumstances and a reasonable explanation as to why an extension was not sought sooner.