UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ERIC REISNER,<br><br>　　　　Defendant. | Case No: C 17-06271 SBA<br><br>**ORDER DISMISSING ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B)** |

　　　　Plaintiff Carl Wescott ("Plaintiff"), proceeding pro se, filed a Complaint for breach of contract and other related causes of action against Defendant Eric Reisner ("Defendant") on October 30, 2017. Dkt. 1.[1] Defendant, also proceeding pro se, filed an Answer on January 29, 2018. Dkt. 13.

　　　　On or about August 16, 2018, Judge Edward M. Chen—to whom the action was then assigned—ordered the parties to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 within 30 days and to participate in a settlement conference within 90 days. Dkt. 50. The action was referred to Magistrate Judge Kandis A. Westmore for settlement, and a settlement conference was scheduled for November 16, 2018, at 11:00 a.m. Dkt. 55. Magistrate Judge Westmore's settlement conference order required, among other things, that each party prepare and submit a settlement conference statement at least 10 calendar days prior to the conference (i.e., no later than November 6, 2018). Id. at 3.

---

[1] The Complaint also named Kerry Condon as a defendant; however, she was dismissed from the action on June 1, 2018. See Dkt. 44.

On November 15, 2018, Magistrate Judge Westmore issued an order terminating the settlement conference. Dkt. 59. Magistrate Judge Westmore stated that Plaintiff had failed to submit a settlement conference statement. Id. at 1. Additionally, when the Court attempted to contact Plaintiff by telephone, which it did at least ten times, the Court was directed to a message indicating that the user's mailbox was full. Id. Because Plaintiff had not submitted a settlement conference statement as ordered, and because he had provided a telephone number that "effectively render[ed] him unreachable," Magistrate Judge Westmore canceled the settlement conference. Id. at 2. She also ordered Plaintiff to provide an updated telephone number where he could be reached and to contact the Court to reschedule the settlement conference. Id. It appears Plaintiff made no subsequent attempt to schedule another conference.

On November 27, 2018, Magistrate Judge Elizabeth D. Laporte—to whom the action had been reassigned—issued a Case Management and Pretrial Order pursuant to Federal Rule of Civil Procedure 16, setting a pretrial schedule. Dkt. 62. Among other things, the Order provides a fact discovery cutoff of May 14, 2019, and specifically instructs the parties to supplement and/or correct their Rule 26 disclosures on an ongoing basis and at least 28 days before the fact discovery cutoff date. Id. ¶¶ 2.a. & d. The Order also sets a deadline to file dispositive motions by July 2, 2019, with a pretrial conference on September 24, 2019, and trial set to begin on October 15, 2019. Id. ¶¶ 1.a., 3 & 5.a.

On December 6, 2018, Plaintiff filed his first motion for default judgment. Dkt. 64. Magistrate Judge Laporte denied the motion on January 23, 2019. Dkt. 69. Shortly thereafter, on February 26, 2019, Magistrate Judge Laporte held a further case management conference. Dkt. 76. At that time, Defendant stated that he had yet to receive from Plaintiff a copy of the final, signed contract underlying the dispute. Id. Magistrate Judge Laporte ordered Plaintiff to provide "all documents, especially those related to breach of contract" to Defendant by March 15, 2019. Id. That deadline was also memorialized in a written order. Dkt. 77. Magistrate Judge Laporte also re-referred the parties to Magistrate Judge Westmore to conduct a settlement conference. Dkt. 76.

The following day, February 27, 2019, Plaintiff filed his second motion for default judgment. Dkt. 80. Defendant filed a response to the motion on April 1, 2019. Dkt. 88. In it, Defendant stated that Plaintiff still had not provided the documents that Magistrate Judge Laporte ordered him to provide by March 15, 2019. Id.

On April 23, 2019, Magistrate Judge Laporte held a hearing on Plaintiff's second motion for default judgment, which she denied. Dkt. 96.[2] At the hearing, Magistrate Judge Laporte again ordered the parties to participate in a settlement conference before Magistrate Judge Westmore. Dkt. 94. Magistrate Judge Laporte also admonished Plaintiff that the action could be dismissed for failure to prosecute and/or continued noncompliance with the Court's orders. See Dkt. 96. Thereafter, Magistrate Judge Westmore scheduled a pre-settlement telephonic conference for June 13, 2019 at 2:15 p.m. Dkt. 97. Defendant appeared for the telephonic conference; Plaintiff did not. Dkt. 99.

On August 5, 2019, the Court issued an Order to Show Cause Why Action Should Not Be Dismissed Pursuant to Federal Rule of Civil Procedure 41(b) ("OSC"). Dkt. 102. The Court noted that Plaintiff has violated and continues to violate both Judge Chen's order requiring the parties to participate in a settlement conference within 90 days of August 16, 2018 and Judge Laporte's recent orders directing the parties to participate in a settlement conference forthwith. Id. at 3-4. He also violated Judge Westmore's settlement conference orders by failing to file a statement in advance of the conference scheduled in November 2018 (causing the conference to be vacated) and failing to appear for the conference scheduled in June 2019. Id. The Court observed that, as a result of Plaintiff's conduct, the parties have yet to complete their selected Alternative Dispute Resolution ("ADR") process, despite the fact that the action is nearly two years old and the parties were first ordered to participate in a settlement conference in August of last year. Id.[3]

---

[2] In denying the motion, Magistrate Judge Laporte noted that Defendant has "fully participated" in the case since the denial of the first motion for default judgment. Dkt. 95.

[3] The OSC stated that Judge Chen first directed the parties to participate in a settlement conference nearly two years ago. This is an error. Rather, the action was filed nearly two years ago, and Judge Chen issued his order regarding settlement one year ago.

The Court also observed that Plaintiff has done little to advance the action toward trial or some other final resolution. Id. at 4 (citing Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court.")). Although Plaintiff provided some initial disclosures, he had not, as of April 1, 2019 (and possibly to the present day), provided Defendant a copy of the contract upon which the action is based. Id. This is in violation of: (1) Judge Chen's order in August 2018 requiring the parties to exchange their Rule 26 disclosures within 30 days; (2) the Case Management and Pretrial Order requiring the parties to supplement and/or correct their disclosures on an ongoing basis and at least 28 days before the fact discovery cutoff; and (3) Magistrate Judge Laporte's order in February 2019 requiring Plaintiff to provide a copy of the contract by March 15, 2019. Id. Additionally, although the discovery and dispositive motion cutoffs have passed, it appears that no meaningful discovery has been completed and no dispositive motion (e.g., a motion for summary judgment) has been filed. Id.[4]

In view of the foregoing, the Court ordered Plaintiff to show cause why the action should not be dismissed under Rule 41(b) for failure to comply with the Court's orders requiring him to (1) participate in a settlement conference and (2) provide Defendant with documents related to his breach of contract claim, including a copy of the contract. Id. at 5.[5] Plaintiff's written response was to be filed within ten days of the date the OSC was filed, i.e., by August 15, 2019. Id. The Court warned: "**FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE.**" Id. Despite the Court's admonition, Plaintiff has not filed a response to the OSC.

---

[4] As noted in the OSC, the only action Plaintiff has taken in the case is the filing of two unsuccessful—and rather baseless—motions for default judgment. OSC at 4-5.

[5] The Court also ordered Plaintiff to set forth the nature of the case, its present status (including the status of discovery), and the reason additional action has not been taken to bring it to a final resolution (including why no dispositive motion has been filed and whether he anticipates filing a motion to modify the pretrial schedule).

A district court may dismiss an action, sua sponte, if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss an action under Rule 41(b), the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ferdik, 963 F.2d at 1260-61. The Court finds that these factors weigh in favor of dismissal.

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This factor more strongly favors dismissal in the instant case because: (1) the action has been pending for nearly two years; (2) Plaintiff has failed to advance the action and has allowed many pretrial deadlines to pass without action; and (3) Plaintiff has failed to participate in the Court's ADR program, as ordered. ADR is supposed to occur early in the action and is intended to foster an expeditious resolution. See ADR L.R. 1-2(a) (noting that ADR helps provide the parties access to evidence and clarity as to the strength or weakness of the case). ADR would be particularly helpful here, given that the parties are proceeding pro se and basic discovery (such as Plaintiff's production of the contract upon which the action is based) has not been completed. By failing to participate in a settlement conference, Plaintiff has impeded the progress of the action beyond even the earliest stages.

The second factor also militates in favor of dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); see also Ferdik, 963 F.2d at 1261 (case that "dragged on for over a year and half" before it was dismissed for failure to comply with the court's order to file an amended complaint diverted "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket"). As noted in the OSC, Plaintiff has unduly wasted Judge Westmore's time by

twice failing to participate in scheduled settlement conferences. He has also wasted the time of the other judges presiding over the action by requiring a disproportionate degree of case management and intervention for a case that he has failed to prosecute diligently.

The third factor, the risk of prejudice to the defendants, generally requires a showing that "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (noting that limited delays and the prejudice attendant to the pendency of an action do not warrant dismissal, provided the prejudice is not compounded by "unreasonable" delays). At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. (noting that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale"). Here, Plaintiff has offered no explanation for his failure to comply with the Court's orders and none is any apparent from the record. In fact, as noted in the OSC, the Court is left with the impression that Plaintiff seeks to avoid a settlement conference or any other test of the merits of his action. Thus, this factor weighs in favor of dismissal. See id.

Regarding the fourth factor, the Court has already employed less drastic alternatives to dismissal, to no avail. The Court afforded Plaintiff a full year and several opportunities to participate in a settlement conference. Moreover, the Court has given Plaintiff at least two prior warnings. See Ferdik, 963 F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement"). In April 2019, Magistrate Judge Laporte admonished Plaintiff that the action could be dismissed for failure to prosecute and/or continued noncompliance with Court orders. Plaintiff thereafter failed to appear for the pre-settlement conference. The Court also warned Plaintiff that his failure to respond to the OSC would result in the dismissal of the action without further notice. He nonetheless failed to respond to the OSC.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643. The Court notes, however, that disposition of the case on the merits is impossible without Plaintiff's participation. Plaintiff

| | |
|---|---|
| 1 | has twice absented himself from scheduled settlement conferences, allowed the discovery |
| 2 | and dispositive motion cutoffs to pass, neglected to seek a modification of the pretrial |
| 3 | schedule to extend these critical deadlines, failed to produce the contract that forms the |
| 4 | basis of the action, and failed to respond to the OSC. The Court cannot litigate Plaintiff's |
| 5 | action for him and is disinclined to waste more judicial resources by proceeding to trial on a |
| 6 | case that is ill-prepared and has yet to be submitted to a settlement conference. See |
| 7 | Thompson v. Hous. Auth. Of City of Los Angeles, 782 F.2d 829, 932 (9th Cir. 1986) |
| 8 | (affirming dismissal of action pursuant to Rule 41(b) where the plaintiff was consistently |
| 9 | unprepared to proceed with the pretrial conference and trial). |
| 10 | In sum, the Court concludes that four of the five relevant factors weigh in favor of |
| 11 | dismissal. Accordingly, |
| 12 | IT IS HEREBY ORDERED THAT the instant action is DISMISSED in its entirety. |
| 13 | For the reasons stated above, the Court certifies that any appeal taken from this decision |
| 14 | would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). The Clerk shall |
| 15 | close the file and terminate all pending matters. |
| 16 | IT IS SO ORDERED. |
| 17 | Dated: August 16, 2019 |
| 18 | *[signature]* SAUNDRA BROWN ARMSTRONG Senior United States District Judge |